UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZIEL SAWYER III,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC BEACH HOUSE, LLC,<br><br>    Defendant. | Case No. 21-cv-05140-DMR<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

Plaintiff Oziel Sawyer III is an individual with a disability. He filed this case alleging that Defendant Pacific Beach House, LLC ("Pacific") violated the "Reservations Rule" of the Americans with Disabilities Act ("ADA"). He brings claims under the ADA, 42 U.S.C. § 12101 *et seq.* and California's Unruh Civil Rights Act, California Civil Code section 51. Pacific now moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Sawyer's amended complaint. [Docket No. 18.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Pacific's motion is denied.

**I.  BACKGROUND**

The following facts are taken from Sawyer's amended complaint.[1] Sawyer is an individual with a spine injury who uses a wheelchair. He alleges that he planned on making a trip to Half Moon Bay and chose to stay at the Beach House-Half Moon Bay (the "property") due to its price and location. [Docket No. 16 (Am. Compl.) ¶¶ 1, 14, 15.] The property is a complex of individually-owned condominiums, some of which are available for rent to the general public. *Id.* at ¶¶ 2, 3. Sawyer alleges that the condominiums are "a place of lodging." He also alleges that he

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

is unable to ascertain the specific condominium units available for rent based on publicly-available information but that he will seek leave to amend to add individual owners once they are identified. *Id.* at ¶¶ 3, 9. Pacific "owns and operates a website that manages the rental" of the condominiums on behalf of their owners. The website is www.beach-house.com/half-moon-bay; it "permits guests to book rooms at Beach House-Half Moon Bay." *Id.* at ¶¶ 4, 14, 19.

  Sawyer went to the reservation website to book an accessible room on February 3, 2021 but "found that there was insufficient information about the accessible features in the 'accessible rooms' at this location to permit him to assess independently whether a given room would work for him." *Id.* at ¶ 20. The reservation website states, "Please contact us to see if we have a guestroom available for your selected dates that may meet your specific needs." *Id.* at ¶ 21. Sawyer asserts that this is insufficient, as the website "fails to describe or provide details about the accessibility features in the guestrooms or any details such as accessible bathtub, shower, toilet, grab bars, lavatory [or] sink." *Id.* Further, the website fails to provide details on the accessibility of areas such as the lobby, registration desk, swimming pool, entrance, and parking, which is essential information for Sawyer. *Id.* at ¶ 25. The lack of information about accessibility deterred Sawyer from booking a room. *Id.* at ¶ 31. He alleges that he "is unable to assess if the rooms simply do not comply at all, itself a violation, or fail to disclose those features, also a violation," apparently referring to the website. *See id.* at ¶ 26.

  Sawyer filed the original complaint on July 2, 2021 against Zenrose, LLC and Pacific. He filed the amended complaint against Pacific only on October 12, 2021 in which he alleges two claims for relief: 1) violation of the ADA based on Pacific's "reservation policies and procedures," which fail to identify and describe "accessible features in the hotels and guest rooms in enough detail" (the "reservation claim"), *id.* at ¶¶ 37-38; and 2) violation of the Unruh Civil Rights Act based on the alleged ADA violations. *Id.* at ¶¶ 39-42.

  Pacific now moves pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim.

## II. REQUEST FOR JUDICIAL NOTICE

  Pacific asks the court to take judicial notice of what it describes as a "printout of

2

1  screenshot taken of the subject website" operated by Pacific. [Docket No. 18-3.] Federal Rule of
2  Evidence 201 permits a court to take judicial notice of adjudicative facts. "The court may
3  judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known
4  within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from
5  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The court declines
6  to take judicial notice of the document. The document is undated and defense counsel did not
7  submit a declaration authenticating the document by explaining how and when they obtained it.
8  Moreover, Pacific does not explain how the document satisfies the requirements of Rule 201.
9  Accordingly, the request for judicial notice is denied.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting

the motion to dismiss into a motion for summary judgment," and "[t]he court need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.* "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Leite*, 749 F.3d at 1121-22 (internal citations omitted).

### B.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id.* at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6)

4

into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## IV. DISCUSSION

Pacific moves pursuant to Rule 12(b)(6) to dismiss the amended complaint for failure to state a claim, arguing that its operation of a website reservations system for a condominium complex is not subject to the ADA. Pacific also moves pursuant to Rule 12(b)(1) to dismiss the amended complaint for lack of subject matter jurisdiction, arguing that the claims are moot. The court must first address the issue of subject matter jurisdiction before reaching the merits of any 12(b)(6) challenges to the sufficiency of a pleading. *See Steel Co.*, 523 U.S. at 94-95.

### A. Mootness

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). As standing is a jurisdictional issue, it is properly addressed by a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (quotation omitted). "Because the power of a federal court to decide the merits of a claim ordinarily evaporates whenever a prerequisite to standing disappears, the doctrine of mootness has been described as the doctrine of standing set in a time frame." *Id*. (quotation marks and citation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1274 (9th Cir. 1998) (quotation omitted); *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006) ("An action is moot if it has lost its character as a present, live controversy."). A claim may become moot if (1) subsequent events have made it clear that the allegedly wrongful behavior "cannot reasonably be expected to recur," and (2) "interim relief or events have completely and irrevocably eradicated the effects of

the alleged violation." *Norman-Bloodsaw*, 135 F.3d at 1274 (cleaned up).

Here, Pacific argues that Sawyer's claims are moot because the amended complaint "requests injunctive relief that simply cannot be granted by this Court" since Pacific has no control over the listings of individual condominiums at the complex. It relies on a declaration by Joyce Yamagiwa, in which she provides information about the relationship between the condominium complex and Pacific and contends that Pacific "has no power or ability to force an [individual condominium] owner to make" changes to their unit and "no ability to determine whether any particular room has features that would qualify as accessible under the" ADA. [Docket No. 18-1 (Yamagiwa Decl., Oct. 31, 2021) ¶¶ 4, 5.] Accordingly, Pacific argues, even if Sawyer prevailed and obtained injunctive relief requiring Pacific "to add additional information to the Website for each unit concerning 'accessibility features' of those units . . . Pacific simply cannot provide the relief requested." Mot. 6.

Pacific's argument does not rest on mootness. It does not argue that Sawyer's claims are no longer "live" or that there is no longer a "present controversy as to which effective relief can be granted." *See Bayer*, 861 F.3d at 862. For example, Pacific does not contend that it has made changes to the reservations website since Sawyer last visited it that render the claims moot. *See, e.g., Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."). Nor does it point to any events that have "completely and irrevocably eradicated the effects of the alleged violation" of the ADA. *See Norman-Bloodsaw*, 135 F.3d at 1274 (quotation omitted). Instead, Pacific's argument goes to the merits of the claims; that is, whether Pacific may be held liable under the ADA for the information that appears on a website that it owns and operates. Accordingly, its motion to dismiss for lack of subject matter jurisdiction on the basis of mootness is denied.

### B. Failure to State a Claim

Title III of the ADA prohibits discrimination "on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

6

any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Unlawful discrimination under the ADA occurs when features of a public accommodation deny equal access to disabled persons:

> It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

42 U.S.C. § 12182(b)(1)(A)(i). To succeed on a Title III claim, a plaintiff must establish "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).

Pacific argues that the amended complaint fails to state a claim under the ADA or the Unruh Act because condominium complexes are not places of public accommodation under the ADA as a matter of law. Mot. 3. Relatedly, it argues that the ADA does not apply to operation of a website that is connected to real property that is itself not subject to the ADA. *Id.* at 4-5.

Public accommodations include "an inn, hotel, motel, or other place of lodging." 42 U.S.C.A. § 12181(7)(A).[2] "[A]partments and condominiums do not, generally speaking,

---

[2] Under the regulations implementing the ADA, "[a] public accommodation that owns, leases (or leases to), or operates a place of lodging" must meet several requirements "with respect to reservations made by any means." 28 C.F.R. § 36.302(e)(1). Relevant here, the regulations require a covered lodging facility to:

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms . . . .

28 C.F.R. § 36.302(e)(1)(i). The regulations also require lodging facilities to:

> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs . . . .

constitute public accommodations within the meaning of the ADA." *Trostenetsky v. Keys Condo. Owners Ass'n*, No. 17-CV-04167-RS, 2018 WL 2234599, at *2 (N.D. Cal. May 16, 2018) (citing *Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1332 (N.D. Cal. 1993)); *see Indep. Hous. Servs.*, 840 F. Supp. at 1332 n.14 (noting that "the legislative history of the ADA clarifies that 'other place of lodging' does not include residential facilities")). However, portions of a residential building may be covered by the ADA if "made available to the general public for rental or use." *Trostenetsky*, 2018 WL 2234599, at *2. *See, e.g., Macias v. KDF Foxdale, L.P.*, No. 5:18-CV-07712-EJD, 2020 WL 2097607, at *4 (N.D. Cal. May 1, 2020) (holding that amendment would not be futile where proposed second amended complaint alleged that certain areas of residential apartment complex were "open to the public at large" and thus places of public accommodations under the ADA).

      Here, Sawyer alleges on information and belief that certain "individual condominium owners have made their units available for rent to the general public." Am. Compl. ¶ 3. Pacific does not address this allegation, but argues on reply that short-term rentals of units within the property "do[ ] not affect the private, residential character of the complex," citing *Thompson v. Sand Cliffs Owners Association*, No. 3:96cv270/RV, 1998 WL 35177067, at *4 (N.D. Fla. Mar. 30, 1998). Reply 3. In *Thompson*, the owner of a single unit in a condominium complex sued the complex's owners' association, which maintained common areas and administered a rental program whereby individual unit owners could rent their condominiums to the public on a weekly or monthly basis. *Thompson*, 1998 WL 35177067, at *1. Under the rental program, approximately 20% of the total number of units were occasionally rented to the public. *Id*. The plaintiff argued that because the owners' association operated a rental program, the complex was "place of lodging" and thus a "place of public accommodation" subject to the ADA's accessibility requirements. *Id*. at *1, 3 (citing 28 U.S.C. § 12181(7)(A)). At summary judgment, the court concluded that the complex was not a place of lodging, holding that the fact that a subset of

---

28 C.F.R. § 36.302(e)(1)(ii). These two requirements are collectively referred to here as the "Reservations Rule."

8

condominium owners occasionally rented out their condominiums did not change the "residential nature" of the complex. *Id*. at *3. The court detailed the facts bearing on its determination that the complex "does not share characteristics with inns, hotels, or motels" and thus could not be classified as an "other place of lodging" within the meaning of the ADA:

> The units are owned by separate individuals, not by one individual or entity. Furthermore, unlike the rooms in hotels and motels, the Sand Cliffs units retain their residential character when they are not being rented. In fact, each unit is furnished by the individual owner with his own personal property. Each unit owner is totally responsible for the unit's maintenance and repair. Also, the Association does not provide maid service for the rented units. Rental units are cleaned before and after each stay, but the renter is responsible for the unit's upkeep during his stay. Based on the totality of the circumstances, Sand Cliffs cannot be considered an "other place of lodging."

*Id.* at *4. The court also noted that "[e]ach owner is still free to use his condominium at anytime [sic], and he may also decide not to rent it out at all," and that "when the units are not being rented, there is no question that they remain the owners' residence." *Id*. at *3.

Contrary to Pacific's position, *Thompson* does not hold as a matter of law that a condominium complex is not a place of lodging, regardless of whether any units are rented to the public. Rather, *Thompson* illustrates that the inquiry is fact-specific and depends on the extent to which the complex "share[s] characteristics with inns, hotels, or motels." For example, in *O'Byrne v. Reed*, No. CV0908406DMGDTBX, 2010 WL 11596666, at *4 (C.D. Cal. Apr. 30, 2010), the plaintiff sued individuals who owned single-family vacation homes that were available for rent to third parties when the homes were not in use, along with rental agents for the homeowners. He alleged the defendants violated the ADA and state law based on their failure to provide accessible units and moved for a preliminary injunction seeking an order requiring the defendants to alter their facilities to make them accessible. *Id*. at *1-2. The court denied the motion, finding that the plaintiff had not shown a likelihood of success on the merits of his ADA claim because he had not established that the vacation homes were "facilities for transient guests, to which Title III [of the ADA] applies, [or] residential facilities, to which it does not." *Id*. at *3 (citations omitted). Specifically, the court held that the record lacked sufficient evidence bearing on the question of "whether the vacation rentals at issue in this case are like hotels, motels, and

9

inns, rather than residential in nature," and thus fell under 28 U.S.C. § 12181(7)(A). *Id*. at *4. The court described the evidence that would be relevant to this inquiry, including the average length of the stay at the rentals; the nature of the homeowners' ownership interests and degree of restrictions placed on ownership; and the extent to which the rentals operated like a hotel, motel, or inn. *Id*.

In sum, the question of whether the property at issue in this case constitutes a public accommodation under the ADA is fact-specific and therefore inappropriate for resolution on a motion to dismiss. The allegations in the amended complaint that the Beach House-Half Moon Bay is a "place of lodging" and that units within the complex are available for rent to the general public support a reasonable inference for pleading purposes that the property is subject to the ADA. Accordingly, Pacific's motion to dismiss on this ground is denied.

## V. CONCLUSION

For the foregoing reasons, Pacific's motion to dismiss the amended complaint is denied. The parties shall conduct a joint site inspection within 45 days of the date of this Order and shall otherwise comply with the deadlines set in the Scheduling Order for Cases Asserting Denial of Right of Access Under Americans With Disabilities Act Title II & II. [*See* Docket No. 5.]

**IT IS SO ORDERED.**

Dated: April 18, 2022



Donna M. Ryu
United States Magistrate Judge